Tueley, J.
delivered the opinion of the court.
This is an action brought before a justice of the peace to recover damages, for a trespass committed by plaintiff in error in laying and tearing down the fence of defendant, whereby stock entered his close and destroyed his growing crop. The facts of the case appear to be these; Maxwell was the owner of a tract of land in Maury county, through which the Pulaski and Elkton turnpike road runs, that this road was in the course of construction, that Crawford was the undertaker of that section of it, which runs through defendant Maxwell’s land, and was under the necessity of taking down the fence for the purpose of passing and repassing, in conducting his operations; there is proof on both sides, as to the care and diligence used by the plaintiff in error in putting up the fences, and keeping stock from trespassing on defendant’s crop. Nevertheless stock entered and destroyed the crop, and the judge left it to the determination of the jury whether this happened by the carelessness and neglect of the plaintiff, who found correctly enough that it did; but aquestion of law is made as to the form of tbe action used in the case. It is contended that in as much as the plaintiff Crawford, had the legal right to enter the premises for constructing the road, and it being necessary to take down the fences for that *477 purpose, no action would lie for that, and that if he neglected to put them up this was a nonfeasance, and the action of trespass Will not lie for a nonfeasance.
Upon this point the court charged the jury, “that the charter of incorporation authorizing the making of said road did give Crawford the right to enter the premises in its construction, but that the law was a mere licence to go in and upon the land in making the road, but required him to keep the fences in as good condition as they were before'he pulled them down.”
The charge is substantially correct; it informs the jury that the right of entry must be so used as not to inflict unnecessary injury on .the owner; that the right to pull down the fence, did not include the right to leave it down, or put it up so negligently as not to exclude stock from trespassing, and that an abuse of the right would constitute the party a trespasser. It is unnecessary at this day to enter into argument to prove that a man abusing a right may beheld tobe a trespasser, ab initio: it has never been disputed since the Inn keeper’s case in Coke’s Rep. It is there held that though guests had the right to enter an Inn, yet if they misbehaved after such entry, they were liable as trespassers, that is, as if they had entered without right. No man shall be permitted to abuse a privilege, and then protect himself under it. See 3 Black 213: 4 Pick, 259: Meigs, 561: 1 Hump; 403.
If plaintiff left the fences down or put them up so negligently as not to exclude the stock as they did before, he is as much a trespasser as if he had no right to pull them down.
But an attempt was made to 'prove that the fence at other points, was not of such height as is required by the act of 1S07, ch. 8, and the court correctly said that the state and condition of the fence had nothing to do with the question at issue, that the act of 1807, and the decisions thereon had no applicability whatever to the case, that all the jury had to do was to enquire into the fact, whether or not the fence had been pulled down and left in such condition, that the hogs got into the corn and damaged it. This is so plainly true that illustration is unnecessary. Judgment affirmed.